**Opinion issued May 22, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-24-00095-CR

———————————

**DANIEL A. REYES-GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1738096**

---

## MEMORANDUM OPINION

Appellant Daniel A. Reyes-Gomez was charged by indictment with the offense of sexual abuse of a child. *See* TEX. PENAL CODE § 21.02(b). He pleaded not guilty and proceeded to trial. The jury found him guilty of the charged offense and the trial court assessed his punishment at confinement for sixty years in the

Texas Department of Criminal Justice.[1]  The trial court certified that the case is not a plea-bargain case and Appellant has the right to appeal.  Appellant timely filed a notice of appeal.

Appellant's appointed counsel filed a motion to withdraw, later amended, together with a supporting *Anders* brief stating the record presents no reversible error and therefore, the appeal is without merit and frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's brief meets the requirements of *Anders*.  *Id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel explains that the evidence at trial was legally sufficient to prove the charged offense and that the imposed sentence is within the range of punishment of five to ninety-nine years or life in prison.  *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  He thus concludes he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  The State waived its right to file a response and Appellant did not file a *pro se* brief.[2]

---

[1]  A $100 fine was assessed.

[2]  Appellant's counsel certified in his amended motion to withdraw that he provided Appellant with a copy of his motion to withdraw, the *Anders* brief, and a form motion for *pro se* access to the appellate record.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  Counsel also certified that he advised Appellant, by letter, of his right to file a *pro se* response, of his right to request a copy of the record, and of his right to file a petition for discretionary review.

After conducting an independent review of the entire record on appeal, we conclude there is no reversible error in the record and there are no arguable grounds for review. The appeal is thus frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's amended motion to withdraw.[3] Appointed counsel, Franklin Bynum, must immediately send

---

Counsel further stated that he met with Appellant by video conference and explained to him the *Anders* process and materials. Additionally, on February 13, 2025, this Court notified Appellant that his *pro se* brief in response to counsel's *Anders* brief was due to be filed by March 31, 2025, and advised him that he was entitled to a copy of the record on appeal, providing a blank Pro [S]e Motion for Access to Appellate Record.

[3] Appointed counsel still has a duty to inform Appellant of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Appellant the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).